UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSWALDO JOSE GIMON MEJIAS,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.

Case No. 1:26-cv-2661

Honorable Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to release Petitioner or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.8, 9.)

In an order entered on September 25, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed their response on September 28, 2026, (ECF No. 4.) After reviewing the parties' submissions, the Court concludes that the petition is properly dismissed without prejudice for failure to exhaust administrative remedies.

## Discussion

Petitioner is a noncitizen who entered the United States in 2022 and has remained in the United States since that time. (*See* Pet., ECF No. 1, PageID.6.) On June 1, 2026, Petitioner filed a

§ 2241 petition challenging his detention without a bond hearing. *Gimon Mejias v. Unknown Party* (*Gimon Mejias I*), No. 1:26-cv-1741 (W.D. Mich.) In *Gimon Mejias I*, the Court dismissed Petitioner's petition without prejudice, finding that Petitioner must first exhaust his available administrative remedies. Op. & Jud., *Gimon Mejias I*, (W.D. Mich. June 11, 2026), (ECF Nos. 6, 7).

Petitioner then filed the present action on September 23, 2026. (ECF No. 1.) Respondent has not provided Petitioner with an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a),[1] but Respondents indicate that Petitioner has not sought a bond hearing in Immigration Court. (*See* Resp., ECF No. 4, PageID.17.) Likewise, Petitioner does not indicate that he has sought a bond hearing in Immigration Court since the opinion in *Gimon Mejias I* or otherwise exhausted his administrative remedies. (*See* Pet., ECF No. 1.) In Respondent's response in this case, Respondent again indicates Respondent's intention to comply with the binding holdings of *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and afford Petitioner a custody redetermination hearing, if he requests such a hearing in Immigration Court. (Resp., ECF No. 4, PageID.17.)

For all the reasons previously stated in *Gimon Mejias I*, in light of Respondent's concession that *Lopez-Campos* applies to Petitioner, the Court concludes that exhaustion would not be futile at this time. *See* Op., *Gimon Mejias I*, (W.D. Mich. June 11, 2026), (ECF No. 6). Thus, the Court will require Petitioner to exhaust the available administrative remedies by requesting a custody redetermination hearing in Immigration Court, and the Court will dismiss the petition without

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

prejudice. Should the administrative remedies prove to be an unavailable path to allow the agency to correct its own mistakes, Petitioner may file a new petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 6, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE